UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENNIS WASHINGTON,

                                 **Plaintiff,**

   vs.                                                  3:21-cv-00564
                                                             (MAD/ML)

DIANE CICCONE; AMANDA J. INGARRA;
and JUDGE LANCE DITWIG,

                                   **Defendants.**
_____

**APPEARANCES:**

**DENNIS WASHINGTON**
33 High View Acres
Parksville, New York 12768
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Dennis Washington, commenced this action *pro se* on May 14, 2021, against Defendants Diane Ciccone, Amanda J. Ingarra, and Judge Lance Ditwig. *See* Dkt. No. 1. Interpreted as liberally as possible, the handwritten Complaint alleges that Plaintiff's civil rights were violated by Defendants. *See generally id.* Plaintiff also filed an application to proceed *in forma pauperis* (IFP). *See* Dkt. No. 2. On July 13, 2021, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that Plaintiff's Complaint be dismissed in its entirety, in part without prejudice and with leave to amend, and in part with prejudice and without leave to amend to which Plaintiff submitted an objection. *See* Dkt. Nos. 5, 9.

1

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis."  *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's "objections" are so general that they do not actually object to the Order and Report-Recommendation. As such, the Court will review the Order and Report-Recommendation for clear error. *See Scipio v. Keane*, No. 95-CV-2732, 1997 WL 375601, *1 (S.D.N.Y. July 7, 1997) (holding that when objections fail to address analysis directly, the court reviews a report-recommendation for clear error); *see also Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999) (collecting cases about general objections).

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that all claims against Defendants Ditwig and Ciccone, and the claims against Defendant Ingarra in her official capacity, should be dismissed with prejudice and without leave to amend because they are barred by doctrine of judicial immunity and the Eleventh Amendment. *See* Dkt. No. 5 at 7-8. The Court also finds that Magistrate Judge Lovric correctly noted that the immunity arguments only apply to Defendant Ingarra in her official capacity, so Plaintiff may attempt to state claims against her in her individual capacity. *See id.*

The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Applying this standard, Magistrate Judge Lovric determined, and the Court agrees, that Plaintiff's claims against Defendant Ingarra in her individual capacity could include a Fourteenth Amendment claim, a Title VII claim, and a Human Rights Law claim. *See* Dkt. No. 5 at 9-12.

Magistrate Judge Lovric correctly noted that claims alleging a state-issued license was revoked or suspended without due process have been routinely dismissed from federal court because Article 78 may serve as a meaningful post-deprivation remedy, and that Plaintiff did not submit an Article 78 complaint. *See id.* at 10; *see also Bartolini v. Cassels*, 801 Fed. Appx. 10, 13 (2d Cir. 2020). The Court agrees with Magistrate Judge Lovric that Plaintiff fails to allege that an Article 78 proceeding would not provide a sufficient remedy and Plaintiff's claim that he was denied due process in violation of the Fourteenth Amendment should be dismissed. *See id.*

The Court also agrees with Magistrate Judge Lovric's recommendation that Plaintiff's Title VII retaliation claim should be dismissed because Plaintiff fails to allege that: (1) he participated in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between engaging in the protected activity and the adverse employment action. *Rasym v. Marriott Int'l, Inc.*, 952 F.3d 379, 391 (2d Cir. 2020) (citation omitted). Moreover, Plaintiff fails to allege that he is employed by any of the named Defendants. *See* Dkt. No. 5.

Magistrate Judge Lovric correctly found that the Court should decline to exercise supplemental jurisdiction over the Human Rights Law claim because the Court has dismissed all claims for which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also* Dkt. No. 5 at 12. The Court agrees with Magistrate Judge Lovric's recommendation and declines to exercise supplemental jurisdiction over the Human Rights Law claims.

After the Order and Report-Recommendation was filed, Plaintiff submitted an amended complaint to add the New York State Gaming Commission as a defendant and add some more details that were not in his original complaint. *See* Dkt. No. 10. An amended complaint is intended to completely replace the prior complaint in the action, and thus "renders [any prior complaint] of no legal effect." *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir.

4

1998); *see also Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (same). Thus, once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *Dluhos*, 162 F.3d at 68. This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that an amended pleading must be a complete pleading which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 7.1(a)(4). The Court's Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id.* One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, No. 9:95-CV-1126, 1999 WL 34998130, *1 (N.D.N.Y. Sep. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is brought, so that the amended complaint may stand alone as the sole pleading in the action.

    The amended complaint submitted by Plaintiff does not include Ciccone, Ingarra, or Ditwig as defendants nor does it include the Title VII claim. *See* Dkt. No. 10. As explained above, Plaintiff may not submit an amended complaint and at the same time proceed with the original complaint. Moreover, Plaintiff fails to include the factual background that formed the basis of his original complaint. Accordingly, the Clerk is directed to strike Plaintiff's amended complaint from the docket of this action. Plaintiff is advised that the amended complaint will not be considered by the Court and that he may file a second amended complaint within thirty days of the date of this Order.

After carefully reviewing the Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, the Court hereby

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is **STRICKEN** from the docket for the reasons set forth above. Because it is stricken, it will not be further considered by the Court; and the Court further

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Ciccone and Ditwig, in their individual and official capacities, and claims against Defendant Ingarra, in her official capacity are **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment, Title VII, and New York State Human Rights Law claims against Defendant Ingarra, in her individual capacity are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and the Court further

**ORDERS** that Plaintiff shall file his second amended complaint within thirty (30) days of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file a second amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge